COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GLENN L. LEFFLER, | § | |
| | | No. 08-07-00320-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 34th District Court |
| JP MORGAN CHASE BANK, N.A., f/k/a | § | |
| BANK ONE, f/k/a FIRST USA BANK, | | of El Paso County, Texas |
| a/k/a CHASE BANK U.S.A., N.A., | § | |
| | | (TC#2006-925) |
| Appellee. | § | |

**O P I N I O N**

This is an appeal from the granting of a traditional and no-evidence motion for summary judgment in favor of JP Morgan Chase Bank, N.A. (Chase or Appellee) in a suit alleging conversion, negligence, breach of contract, fraud, and usury. Glenn L. Leffler (Leffler or Appellant) argues that the trial court erred in granting summary judgment in favor of Chase. We affirm.

**I. FACTUAL BACKGROUND**

Appellant sued Appellee on February 24, 2006 for conversion, negligence, breach of contract, fraud, and usury. Appellant alleged he was double billed by the Appellee in 1996 in the amount of $3,994.74 plus interest, late fees, and other amounts. Appellant had two credit card accounts with Appellee; the first ended in 4425 and the second account in 8972. On or about June 6, 1996 Appellant requested that the balance on the 4425 account be transferred to the 8972 account. The July 1996 statements for both accounts reflect the $3,994.74 transfer and reference the same transaction number, F336600HC000C2156. The September 1996 statement for account 4425 shows a subsequent charge for a balance transfer of $3,761.57 and has a reference number of

F336600JY000C4206. Although account 4425 was closed in June of 1996 after the balance transfer, it could be charged on for a period of three months.

Appellant alleged that the original balance transferred from account 4425 to account 8972 of $3,994.74 was charged back to account 4425 in the amount of $3,761.57 and that he repeatedly requested that Chase remove the charge from account 4425. Appellant paid account 4425 in full in December of 2003. On January 5, 2005, over a year later, Appellant sent a written request to Appellee for the return of the double-billed funds; this request was denied in writing by the Appellee on February 19, 2005. On February 24, 2006, Appellant filed suit. On December 14, 2006, Appellee filed a Traditional and No-Evidence Motion for Summary Judgment. On July 31, 2007, the trial court granted the summary judgment, without stating the grounds, and a take-nothing judgment was entered. On appeal Appellant challenges the trial court's granting of the Traditional Motion for Summary Judgment but does not challenge the granting of the No-Evidence Motion for Summary Judgment.

## II. DISCUSSION

We review the granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgments must stand on their own merits. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Science Spectrum, Inc.*, 941 S.W.2d at 911; *Friendswood Dev. Co.*, 926 S.W.2d at 282; *Wornick Co.*, 856 S.W.2d at 733; *Nixon v. Mr. Property Management*

*Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548.

**Traditional Summary Judgment**

TEX.R.CIV.P. 166a provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue. *See Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972). The party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a; *Wornick Co.*, 856 S.W.2d at 733. The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *See Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).

**No-Evidence Summary Judgment**

A no-evidence summary judgment under Rule 166a(i) is reviewed under a legal sufficiency standard. *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.–El Paso 2007, no pet.); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.–El Paso 2000, no pet.). The party moving for a no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *Martinez*, 218 S.W.3d at 848; *see* TEX.R.CIV.P. 166a(i). The moving party must specifically state the elements as to which there is no evidence. *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.–El

Paso 2006, pet denied); *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the nonmovant to produce evidence raising a fact issue on the challenged elements. *Martinez*, 218 S.W.3d at 848. To raise a genuine issue of material fact, the nonmovant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense. A no-evidence summary judgment is properly granted if the plaintiff fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to the challenged elements. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70-71 (Tex.App.–Austin 1998, no pet.).

### On Appeal

Where the district court does not state the basis for granting summary judgment, the appellant must negate all grounds that support the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment. *See Carr*, 776 S.W.2d at 569; *TGS-NOPEC Geophysical Co. v. Combs*, 268 S.W.3d 637, 644 (Tex.App.–Austin 2008, pet. filed). When a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed. *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.–Dallas 1992, writ denied).

In this case the Appellee filed a No-Evidence and a Traditional Motion for Summary Judgment. The trial court granted summary judgment without stating the basis for its ruling. Appellant's petition asserted claims of fraud, conversion, negligence, breach of contract, and usury. Appellee's No-Evidence Summary Judgment Motion specifically asserts that there was no evidence on each element of every cause of action. On the fraud claim, the Appellee asserted that there was no evidence that Appellee made a false material misrepresentation, that the Appellee made a false

representation when the Appellee knew the representation was false or made the representation recklessly as a positive assertion and without knowledge of its truth, that the false representation was made with the intent that Appellant act on it, that Appellant relied on the false material representation made or that the fraudulent representation caused damage or injury to Appellant. On the negligence claim, the Appellee asserted that there was no evidence to show that it breached a duty to plaintiff or that it proximately caused any injury or damages. On the conversion claim, the Appellee asserted that there was no evidence that Appellant owned, possessed, or had the right to immediate possession of property, or that the property was personal property. On the breach of contract claim, Appellee asserted that there was no evidence of a valid, enforceable contract between the Appellant and Appellee, of a breach of that contract, or that the Appellant suffered any injury. On the usury claim, the Appellee asserted that there was no evidence that Appellee took, received, reserved, or charged a rate of interest greater than is allowed by 12 U.S.C. § 85, or that the Appellee knowingly took, received, reserved, or charged a rate of interest greater than is allowed by 12 U.S.C. § 85.

In response to the No-Evidence Motion, the Appellant had the burden to produce more than a scintilla of probative evidence to raise a genuine issue of material fact on each element specifically challenged in the No-Evidence Motion. The Appellant's Response to the No-Evidence Motion states that the Appellee was incorrect that there is no evidence and refers to the plaintiff's affidavit. The Appellant's response does not specifically address each element challenged as is required by TEX.R.CIV.P. 166a(i). Because the Appellant failed to raise a fact issue on each element of each cause of action by producing more than a scintilla of probative evidence, the Appellant did not carry his burden of overcoming the no-evidence summary judgment at trial. *Martinez*, 218 S.W.3d at 848.

On appeal the Appellant was required to challenge both the traditional and the no-evidence

grounds upon which the summary judgment could have been granted; however, he does not challenge the granting of the no-evidence summary judgment. Because the Appellant has failed to raise a challenge to the granting of the summary judgment on no-evidence grounds, this issue is waived on appeal, and we must affirm the summary judgment on those grounds. *See Carr*, 776 S.W.2d at 569. Because we affirm the trial court's ruling, we find it unnecessary to discuss the statute of limitations arguments raised in the Traditional Motion for Summary Judgment.

### III. CONCLUSION

We affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

May 13, 2009

Before Chew, C.J., McClure, and Rivera, JJ.