COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ISRAEL JUAREZ, | | No. 08-08-00323-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 394th District Court |
| | § | |
| JUAN LONGORIA, | | of Presidio County, Texas |
| | § | |
| Appellee. | | (TC# 6998) |
| | § | |

## **O P I N I O N**

Israel Juarez appeals the trial court's granting of summary judgment in favor of Juan Longoria from Juarez's suit for equitable relief following a real-estate transaction between the parties. We affirm.

## **BACKGROUND**

In February 2001, Longoria sold 5.28 acres to Juarez for a sum of $5,000. Subsequently, Juarez, in March 2007, filed suit against Longoria for fraud and violations of the Deceptive Trade Practices Act (DTPA), alleging Longoria sold the property in violation of the Model Subdivision Rules and Section 5.069 of the Texas Property Code by failing to do two things: (1) provide a seller's disclosure; and (2) file a plat with the county prior to conveyance. Longoria generally denied the allegations and moved for summary judgment on traditional and no-evidence grounds. Specifically, Longoria argued, on traditional grounds, that the conveyance in excess of five acres was an executory contract and thus asserted that the statute and rule relied on by Juarez did not

1

apply. He further contended that the statute of limitations for the real-estate transaction expired prior to the filing of Juarez's petition. On no-evidence grounds, Longoria argued that there was no evidence to support the necessary elements of Juarez's claims for fraud and violations of the DTPA. The trial court later granted summary judgment in favor of Longoria.

## ANALYSIS

On appeal, Juarez contends that the trial court erred in granting Longoria's motion for summary judgment, alleging Longoria was under a continuing duty to file the subdivision plat and obtain approval. In other words, Juarez attacks Longoria's statute-of-limitations argument relating to his summary judgment on traditional grounds by arguing that "the duty to comply continues the torts committed by [Longoria] until such time as compliance is established."

A trial court's decision to grant a summary judgment is reviewed *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 385 (Tex. App.–El Paso 2009, no pet.). As summary judgments must stand on their own merits, we take as true all evidence favorable to the nonmovant. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Leffler*, 290 S.W.3d at 385. Therefore, on appeal, the movant still maintains the burden of showing there was no genuine issue of material fact, and that he was entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Leffler*, 290 S.W.3d at 385.

However, where the district court does not state the basis for granting summary judgment,

2

the appealing party must negate all grounds that support the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Leffler*, 290 S.W.3d at 386. If the appealing party fails to negate each ground, we must uphold the summary judgment. *See Carr*, 776 S.W.2d at 569; *TGS-NOPEC Geophysical Co. v. Combs*, 268 S.W.3d 637, 644 (Tex. App.–Austin 2008, pet. filed); *Leffler*, 290 S.W.3d at 386.

In this case, Longoria moved for summary judgment on traditional and no-evidence grounds. The trial court's order on Longoria's motion for summary judgment did not state what, out of the different grounds raised, it granted summary judgment on. On appeal, therefore, Juarez was required to negate all grounds alleged in the motion for summary judgment. He did not. Rather, Juarez solely complained of Longoria's statute-of-limitations argument raised in his traditional motion for summary judgment. Because Juarez does not challenge the summary-judgment ruling on the declaratory action or no-evidence grounds, we affirm the summary judgment on those grounds. *See Carr*, 776 S.W.2d at 569; *Leffler*, 290 S.W.3d at 387; *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.–Dallas 1992, writ denied); *King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 182-83 (Tex. App.–Fort Worth 1986, no writ) (cases holding when a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed). Accordingly, we need not discuss whether the statute of limitations applies to the real-estate transaction at issue, which was just one of the arguments related to Longoria's motion for summary judgment on traditional grounds. Juarez's sole issue is overruled.

**CONCLUSION**

3

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

December 9, 2009

Before Chew, C.J., McClure, and Rivera, JJ.