COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| UNIT 82 JOINT VENTURE, FIVE STAR HOLDING COMPANY, INC., FIVE STAR HOLDING MANAGEMENT, L.L.C., AND 1320/1390 DON HASKINS, LTD., | § § § | |
| Appellants, | § | No. 08-10-00064-CV |
| | § | Appeal from the |
| v. | § | 327th Judicial District Court |
| | § | of El Paso County, Texas |
| THE INTERNATIONAL COMMERCIAL BANK OF CHINA, LOS ANGELES BRANCH, MAYNARDS INDUSTRIES (1991) INC., D/B/A MAYNARDS INDUSTRIES, LTD., AND ROBB EVANS, RECEIVER FOR MEDIACOPY TEXAS, INC., | § § § § | (TC# 2008-1391) |
| Appellees. | § | |

## **O P I N I O N**

Appellants, interveners in the underlying receivership proceeding, sued Appellees for various claims, including civil conspiracy. After the conspiracy allegations were severed from the remainder of the cause, the trial court granted partial summary judgment in favor of the receiver and associated entities, and dismissed Appellants' claims against the creditor for want of prosecution. Appellants raise two issues challenging these orders. Finding no reversible error, we affirm.

## **BACKGROUND**

The litigation underlying this appeal began in 2005, when the International Commercial Bank of China, Los Angeles Branch ("ICBC") filed application for appointment of an ancillary

receiver to handle the liquidation of the assets and operations held in Texas by Infodisc Global Holdings, Inc. and Mediacopy Texas, Inc.[1] The trial court appointed Robb Evans ("Evans") as ancillary receiver.[2]

Evans's duties included taking possession of Texas Mediacopy's primary business location in El Paso in order to collect, manage, and liquidate ICBC's collateral. In April 2005, Evans retained Maynards Industries, Ltd. ("Maynards") as his agent to sell the assets collected from Texas Mediacopy's operations in El Paso. Evans authorized Maynards to enter onto the premises in order to prepare the site for auction, and to monitor the safe removal of all equipment from the premises following the sale. The auction was scheduled to be held on the premises on June 15, 2005.

Texas Mediacopy operated from a 200,000 square foot warehouse located at 1390 Don Haskins, in El Paso ("the premises"). Texas Mediacopy originally leased the premises in 1997 from Five Star Holding Company, Inc. ("Five Star"). Five Star later transferred its interest to the lease to 1320/1390 Don Haskins, LTD.[3]

In June 2005, Five Star and Unit 82 Joint Venture ("Unit 82") intervened in the receivership proceeding, and asserted numerous third party claims, directly against ICBC, Evans, and Maynards. In one of their third-party causes of action, Five Star and Unit 82, alleged that ICBC, Evans, and Maynards had conspired to cause loss of property and property value, and to

---

[1] The original case was filed as cause number 2005-1987.

[2] According to the appointment order, Evans had previously been appointed as the receiver for both entities in the primary proceeding in California.

[3] Five Star is a member of Five Star Holding Management, L.L.C., and is the general partner of 1320/1390 Don Haskins, LTD.

wrongfully benefit ICBC's interests over those of other creditors. The civil conspiracy allegations were severed into the current cause number 2008-1390 on March 11, 2008.[4]

Following the severance, Evans and Maynards moved for summary judgment under the traditional standard on several grounds, including derived judicial immunity and lack of fiduciary duty. The trial court dismissed the cause against ICBC for want of prosecution on November 6, 2009, and granted partial summary judgment in favor of Evans and Maynards, fully disposing of the case four days later. Five Star and Unit 82 have appealed the trial court's orders, and raise two issues for our review.[5] In Issue One, Appellants challenge the trial court's summary judgment. In Issue Two, Appellants contend that the trial court abused its discretion by dismissing its claim against ICBC for want of prosecution. We will address these issues in the same order they are presented.

## ANALYSIS

In Issue One, Appellants challenge the trial court's summary judgment on its conspiracy claims in favor of Evans and Maynard. A traditional summary judgment is subject to *de novo* review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To succeed on a traditional motion for summary judgment, the movant must establish that there is no

---

[4] The intervening parties first alleged the conspiracy cause of action in the second amended petition filed on March 3, 2008, approximately one week before their claims for quantum meruit and cost of repairs were scheduled for trial. The court severed the conspiracy claim into the case before us on March 11, 2008. The trial court disposed of the non-severed claims by final judgment rendered on April 4, 2008, and that judgment is the subject of a separate appeal. *See Unit 82 Joint Venture v. Mediacopy Tex., Inc.*, 349 S.W.3d 42 (Tex.App.--El Paso 2010, pet. filed).

[5] Five Star and Unit 82 have filed a joint brief. For ease of reference, we will refer to the parties jointly as "Appellants" throughout our analysis.

genuine issue of material fact such that judgment should be granted as a matter of law. *Diversicare Gen. Partner., Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Summary judgment is therefore properly granted if the defendant disproves at least one essential element of the plaintiff's cause of action, or establishes all essential elements of an affirmative defense. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

Prior to discussing the merits of the summary judgment, however, we must first address a procedural matter which is outcome determinative in this instance. The motion filed by Evans and Maynards provided the trial court with four independent grounds for judgment. First, the movants asserted that they were protected from any personal liability, including liability for conspiracy, by derivative judicial immunity. Second, the movants alleged that as a matter of law, they owed no fiduciary duty to Appellants, negating an essential element of the cause of action. Third, they argued that the acts and conduct at the center of the conspiracy allegations were judicially authorized, and therefore could not serve as a basis for claim. Finally, Evans and Maynard moved for summary judgment on their collateral estoppel and res judicata defenses. The trial court's written judgment does not specify which ground or grounds formed the basis for its ruling.

Under these circumstances, Appellants' burden as the parties challenging the summary judgment on appeal, included negating all summary judgment grounds which could have supported the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Although an appellant may challenge a summary judgment in a single issue, the appellant's argument in support of that issue must address and negate each ground upon which the trial court

could have based its decision. *See Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384 (Tex.App.--El Paso 2009, no pet.). When an appellant fails to negate each ground on which the judgment could have been based, the reviewing court must affirm. *Leffler*, 290 S.W.3d at 387.

In their brief to this Court, Appellants choose to address the summary judgment in a single issue, Issue One. In their discussion of Issue One, Appellants recite the appropriate standard of review for a "traditional" summary judgment, and identify the essential elements of their civil conspiracy claim. Appellants argue that Evans and Maynard failed to file sworn pleadings that they are not liable in the capacity that they were sued. *See* TEX.R.CIV.P. 93.2 (requiring certain pleas to be verified, including "that the defendant is not liable in the capacity in which he is sued."). Appellants conclude that without such pleadings, the summary judgment could not properly be granted on the ground that Evans and Maynard were not liable to Appellants in a fiduciary capacity. *See* TEX.R.CIV.P. 166a(c)(requiring, in part, that a summary judgment be based on the parties' pleadings).

Construed broadly, this argument addresses the second summary judgment ground asserted by Evans and Maynard. The discussion of Issue One does not address the three alternative grounds included in the motion, and the brief does not contain additional argument regarding the summary judgment. Therefore, without regard to the merits, the summary judgment must be affirmed for failure to address each ground upon which the trial court could have based its ruling. *See Leffler*, 290 S.W.3d at 387. Issue One is overruled, and the judgment will be affirmed as to Evans and Maynards.

In Issue Two, Appellants contend that the trial erred by dismissing its conspiracy claims against ICBC for want of prosecution without providing proper notice. A dismissal for want of

prosecution is reviewed for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997)(per curiam). A trial court abuses its discretion when it acts arbitrarily, or without reference to guiding rules and principles of law. *See Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex.App.--El Paso 2005, pet. denied).

A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) the court's inherent authority under common law; and (2) Texas Rule of Civil Procedure 165a. TEX.R.CIV.P. 165a(1); *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). Regardless of the basis for the dismissal, due process requires that the claimant be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630-31. Therefore, a trial court's failure to notify the claimant generally requires reversal. *Id*. However, the due process violation is cured if the claimant receives the actual order of dismissal in time to file a motion to reinstate, and has an opportunity to be heard on the motion. *See* TEX.R.CIV.P. 165a(3); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 273 (Tex.App.--El Paso 2010, no pet.).

The trial court dismissed Appellants' severed claim against ICBC on November 6, 2009. Although the order does not specify which party was absent, it does indicate that at least one party did not attend the dismissal hearing. Appellants received notice of the judgment later that day, and filed a motion to reinstate the claim on December 4, 2009. According to the motion, Appellants failed to appear at the dismissal hearing because they did not receive notice prior to the hearing. Attached to the motion as "Exhibit A," is a copy of the trial court's notice of intent to dismiss dated September 22, 2009. The Appellants do not challenge the adequacy of the notice itself, but represent that it was faxed to the wrong number, and was not received prior to

the dismissal.

As the claimants whose case was docketed for dismissal, Appellants were entitled to notice of the trial court's intent to dismiss the conspiracy claim for want of prosecution. *See Olivas*, 323 S.W.3d at 273. Generally, dismissal for want of prosecution without notice and an opportunity to be heard runs afoul of due process, and is a basis for reversal. *See Villarreal*, 994 S.W.2d at 630-31. This is not the end of our inquiry, however, as the due process violation is cured if the party receives notice of the actual dismissal in time to file a motion to reinstate pursuant to Rule 165a(3), and has the opportunity to be heard on the motion. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex.App.--Houston [14th Dist.] 2006, pet. denied). In a manner similar to a motion for new trial, the reinstatement procedure provides an opportunity for the dismissed claimant to address the grounds for dismissal and request that the court reconsider its decision accordingly. *See Binner v. Limestone Cty.*, 129 S.W.3d 710, 713 (Tex.App.--Waco 2004, pet. denied). Rule 165a(3) specifies that if no written order disposing of the motion is entered with-in seventy-five days of the judgment, or as provided by Rule 306a, the motion is deemed to be overruled by operation of law. TEX.R.CIV.P. 165a(3). In addition, much like a motion for new trial, a motion to reinstate extends the trial court's plenary jurisdiction, as well as the appellate timetable. *See Howlett v. Tarrant Cty.*, 301 S.W.3d 840, 843-44 (Tex.App.--Fort Worth 2009, pet denied).

There is no dispute in the case before us that Appellants received notice of the actual dismissal, and exercised their right to file a motion to reinstate within the period designated by Rule 165a(3). The record does not contain a written order denying the motion. As such, the trial court's jurisdiction over the case was extended to the one hundred-fifth day after the judgment,

approximately February 19, 2010. TEX.R.CIV.P. 165a(3). There is no record that Appellants pursued the motion during that time, and they do not address or challenge the trial court's denial of the motion by operation of law on appeal. *See* TEX.R.APP.P. 38.1(I); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)(an issue or argument which is not properly presented in the appellate brief is waived). The case became final and appealable when the trial court entered its summary judgment motion in favor of Evans and Maynards on November 10, 2010. The notice of appeal was filed on February 20, 2010.

Appellants' argument in Issue Two is limited to the trial court's decision to dismiss the case for want of prosecution, and the error created by the court's failure to notify Appellants prior to the dismissal hearing. There is no argument that the trial court, improperly denied the motion to reinstate. Absent an argument by the complaining party demonstrating that the court abused its discretion by doing so, this Court cannot conclude that the reinstatement proceedings were improper and therefore failed to cure any due process violations which were created by the dismissal itself. *See Herrera v. Rivera*, 281 S.W.3d 1, 6 (Tex.App.--El Paso 2005, no pet.). Appellants have failed to demonstrate that the trial court abused its discretion by dismissing the case, and we overrule Issue Two.

## CONCLUSION

Having overruled both of Appellants' issues, we affirm the trial court's judgment.


November 30, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Antcliff, J., and Bramblett, Judge
Bramblett, Judge (Sitting by Assignment)