COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





UNIT 82 JOINT VENTURE, FIVE STAR
HOLDING COMPANY, INC., FIVE
STAR HOLDING MANAGEMENT,
L.L.C., AND 1320/1390 DON HASKINS,
LTD.,

                            Appellants,

v.


THE INTERNATIONAL COMMERCIAL
BANK OF CHINA, LOS ANGELES
BRANCH, MAYNARDS INDUSTRIES
(1991) INC., D/B/A MAYNARDS
INDUSTRIES, LTD., AND ROBB
EVANS, RECEIVER FOR MEDIACOPY
TEXAS, INC.,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 §
 
 §

 §

 §

 §






No. 08-10-00064-CV

Appeal from the

 327th Judicial District Court

of El Paso County, Texas 

(TC# 2008-1391) 





O P I N I O N

            Appellants, interveners in the underlying receivership proceeding, sued Appellees for
various claims, including civil conspiracy. After the conspiracy allegations were severed from
the remainder of the cause, the trial court granted partial summary judgment in favor of the
receiver and associated entities, and dismissed Appellants’ claims against the creditor for want of
prosecution. Appellants raise two issues challenging these orders. Finding no reversible error,
we affirm.
BACKGROUND
            The litigation underlying this appeal began in 2005, when the International Commercial
Bank of China, Los Angeles Branch (“ICBC”) filed application for appointment of an ancillary
receiver to handle the liquidation of the assets and operations held in Texas by Infodisc Global
Holdings, Inc. and Mediacopy Texas, Inc.


 The trial court appointed Robb Evans (“Evans”) as
ancillary receiver.



            Evans’s duties included taking possession of Texas Mediacopy’s primary business
location in El Paso in order to collect, manage, and liquidate ICBC’s collateral. In April 2005,
Evans retained Maynards Industries, Ltd. (“Maynards”) as his agent to sell the assets collected
from Texas Mediacopy’s operations in El Paso. Evans authorized Maynards to enter onto the
premises in order to prepare the site for auction, and to monitor the safe removal of all equipment
from the premises following the sale. The auction was scheduled to be held on the premises on
June 15, 2005.
            Texas Mediacopy operated from a 200,000 square foot warehouse located at 1390 Don
Haskins, in El Paso (“the premises”). Texas Mediacopy originally leased the premises in 1997
from Five Star Holding Company, Inc. (“Five Star”). Five Star later transferred its interest to the
lease to 1320/1390 Don Haskins, LTD.



            In June 2005, Five Star and Unit 82 Joint Venture (“Unit 82") intervened in the
receivership proceeding, and asserted numerous third party claims, directly against ICBC, Evans,
and Maynards. In one of their third-party causes of action, Five Star and Unit 82, alleged that
ICBC, Evans, and Maynards had conspired to cause loss of property and property value, and to
wrongfully benefit ICBC’s interests over those of other creditors. The civil conspiracy
allegations were severed into the current cause number 2008-1390 on March 11, 2008.



            Following the severance, Evans and Maynards moved for summary judgment under the
traditional standard on several grounds, including derived judicial immunity and lack of fiduciary
duty. The trial court dismissed the cause against ICBC for want of prosecution on November 6,
2009, and granted partial summary judgment in favor of Evans and Maynards, fully disposing of
the case four days later. Five Star and Unit 82 have appealed the trial court’s orders, and raise
two issues for our review.


 In Issue One, Appellants challenge the trial court’s summary
judgment. In Issue Two, Appellants contend that the trial court abused its discretion by
dismissing its claim against ICBC for want of prosecution. We will address these issues in the
same order they are presented.
ANALYSIS
            In Issue One, Appellants challenge the trial court’s summary judgment on its conspiracy
claims in favor of Evans and Maynard. A traditional summary judgment is subject to de novo
review. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). To
succeed on a traditional motion for summary judgment, the movant must establish that there is no
genuine issue of material fact such that judgment should be granted as a matter of law. 
Diversicare Gen. Partner., Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). Summary judgment
is therefore properly granted if the defendant disproves at least one essential element of the
plaintiff’s cause of action, or establishes all essential elements of an affirmative defense. See D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); Shah v. Moss, 67 S.W.3d 836, 842 (Tex.
2001).
            Prior to discussing the merits of the summary judgment, however, we must first address a
procedural matter which is outcome determinative in this instance. The motion filed by Evans
and Maynards provided the trial court with four independent grounds for judgment. First, the
movants asserted that they were protected from any personal liability, including liability for
conspiracy, by derivative judicial immunity. Second, the movants alleged that as a matter of law,
they owed no fiduciary duty to Appellants, negating an essential element of the cause of action. 
Third, they argued that the acts and conduct at the center of the conspiracy allegations were
judicially authorized, and therefore could not serve as a basis for claim. Finally, Evans and
Maynard moved for summary judgment on their collateral estoppel and res judicata defenses. 
The trial court’s written judgment does not specify which ground or grounds formed the basis for
its ruling.
            Under these circumstances, Appellants’ burden as the parties challenging the summary
judgment on appeal, included negating all summary judgment grounds which could have 
supported the judgment. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 
Although an appellant may challenge a summary judgment in a single issue, the appellant’s
argument in support of that issue must address and negate each ground upon which the trial court
could have based its decision. See Leffler v. JP Morgan Chase Bank, N.A., 290 S.W.3d 384
(Tex.App.--El Paso 2009, no pet.). When an appellant fails to negate each ground on which the
judgment could have been based, the reviewing court must affirm. Leffler, 290 S.W.3d at 387.
            In their brief to this Court, Appellants choose to address the summary judgment in a
single issue, Issue One. In their discussion of Issue One, Appellants recite the appropriate
standard of review for a “traditional” summary judgment, and identify the essential elements of
their civil conspiracy claim. Appellants argue that Evans and Maynard failed to file sworn
pleadings that they are not liable in the capacity that they were sued. See Tex.R.Civ.P. 93.2
(requiring certain pleas to be verified, including “that the defendant is not liable in the capacity in
which he is sued.”). Appellants conclude that without such pleadings, the summary judgment
could not properly be granted on the ground that Evans and Maynard were not liable to
Appellants in a fiduciary capacity. See Tex.R.Civ.P. 166a(c)(requiring, in part, that a summary
judgment be based on the parties’ pleadings).
            Construed broadly, this argument addresses the second summary judgment ground
asserted by Evans and Maynard. The discussion of Issue One does not address the three
alternative grounds included in the motion, and the brief does not contain additional argument
regarding the summary judgment. Therefore, without regard to the merits, the summary
judgment must be affirmed for failure to address each ground upon which the trial court could
have based its ruling. See Leffler, 290 S.W.3d at 387. Issue One is overruled, and the judgment
will be affirmed as to Evans and Maynards.
            In Issue Two, Appellants contend that the trial erred by dismissing its conspiracy claims
against ICBC for want of prosecution without providing proper notice. A dismissal for want of
prosecution is reviewed for an abuse of discretion. See MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997)(per curiam). A trial court abuses its discretion when it acts arbitrarily, or without
reference to guiding rules and principles of law. See Fox v. Wardy, 225 S.W.3d 198, 200
(Tex.App.--El Paso 2005, pet. denied).
            A trial court’s authority to dismiss a case for want of prosecution stems from two sources: 
(1) the court’s inherent authority under common law; and (2) Texas Rule of Civil Procedure
165a. Tex.R.Civ.P. 165a(1); Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628,
630 (Tex. 1999). Regardless of the basis for the dismissal, due process requires that the claimant
be provided with notice and an opportunity to be heard before a trial court may dismiss a case for
want of prosecution. Villarreal, 994 S.W.2d at 630-31. Therefore, a trial court’s failure to notify
the claimant generally requires reversal. Id. However, the due process violation is cured if the
claimant receives the actual order of dismissal in time to file a motion to reinstate, and has an
opportunity to be heard on the motion. See Tex.R.Civ.P. 165a(3); Tex. Mut. Ins. Co. v. Olivas,
323 S.W.3d 266, 273 (Tex.App.--El Paso 2010, no pet.).
            The trial court dismissed Appellants’ severed claim against ICBC on November 6, 2009. 
Although the order does not specify which party was absent, it does indicate that at least one
party did not attend the dismissal hearing. Appellants received notice of the judgment later that
day, and filed a motion to reinstate the claim on December 4, 2009. According to the motion,
Appellants failed to appear at the dismissal hearing because they did not receive notice prior to
the hearing. Attached to the motion as “Exhibit A,” is a copy of the trial court’s notice of intent
to dismiss dated September 22, 2009. The Appellants do not challenge the adequacy of the
notice itself, but represent that it was faxed to the wrong number, and was not received prior to
the dismissal.
            As the claimants whose case was docketed for dismissal, Appellants were entitled to
notice of the trial court’s intent to dismiss the conspiracy claim for want of prosecution. See
Olivas, 323 S.W.3d at 273. Generally, dismissal for want of prosecution without notice and an
opportunity to be heard runs afoul of due process, and is a basis for reversal. See Villarreal, 994
S.W.2d at 630-31. This is not the end of our inquiry, however, as the due process violation is
cured if the party receives notice of the actual dismissal in time to file a motion to reinstate
pursuant to Rule 165a(3), and has the opportunity to be heard on the motion. See Keough v.
Cyrus USA, Inc., 204 S.W.3d 1, 5 (Tex.App.--Houston [14th Dist.] 2006, pet. denied). In a
manner similar to a motion for new trial, the reinstatement procedure provides an opportunity for
the dismissed claimant to address the grounds for dismissal and request that the court reconsider
its decision accordingly. See Binner v. Limestone Cty., 129 S.W.3d 710, 713 (Tex.App.--Waco
2004, pet. denied). Rule 165a(3) specifies that if no written order disposing of the motion is
entered with-in seventy-five days of the judgment, or as provided by Rule 306a, the motion is
deemed to be overruled by operation of law. Tex.R.Civ.P. 165a(3). In addition, much like a
motion for new trial, a motion to reinstate extends the trial court’s plenary jurisdiction, as well as
the appellate timetable. See Howlett v. Tarrant Cty., 301 S.W.3d 840, 843-44 (Tex.App.--Fort
Worth 2009, pet denied).
            There is no dispute in the case before us that Appellants received notice of the actual
dismissal, and exercised their right to file a motion to reinstate within the period designated by
Rule 165a(3). The record does not contain a written order denying the motion. As such, the trial
court’s jurisdiction over the case was extended to the one hundred-fifth day after the judgment,
approximately February 19, 2010. Tex.R.Civ.P. 165a(3). There is no record that Appellants
pursued the motion during that time, and they do not address or challenge the trial court’s denial
of the motion by operation of law on appeal. See Tex.R.App.P. 38.1(I); Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994)(an issue or argument which is not
properly presented in the appellate brief is waived). The case became final and appealable when
the trial court entered its summary judgment motion in favor of Evans and Maynards on
November 10, 2010. The notice of appeal was filed on February 20, 2010.
            Appellants’ argument in Issue Two is limited to the trial court’s decision to dismiss the
case for want of prosecution, and the error created by the court’s failure to notify Appellants prior
to the dismissal hearing. There is no argument that the trial court, improperly denied the motion
to reinstate. Absent an argument by the complaining party demonstrating that the court abused
its discretion by doing so, this Court cannot conclude that the reinstatement proceedings were
improper and therefore failed to cure any due process violations which were created by the
dismissal itself. See Herrera v. Rivera, 281 S.W.3d 1, 6 (Tex.App.--El Paso 2005, no pet.). 
Appellants have failed to demonstrate that the trial court abused its discretion by dismissing the
case, and we overrule Issue Two.
CONCLUSION
            Having overruled both of Appellants’ issues, we affirm the trial court’s judgment.


November 30, 2011
CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Antcliff, J., and Bramblett, Judge
Bramblett, Judge (Sitting by Assignment)