**Affirmed and Opinion Filed November 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01555-CV

**BILL MOORE, Appellant**
**V.**
**PANINI AMERICA INC., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03079-D**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Stoddart
Opinion by Justice Lang

Bill Moore appeals the trial court's order granting Panini America Inc.'s motion for summary judgment, dismissing Moore's claims with prejudice. Moore raises four issues on appeal, arguing the trial court erred when it granted summary judgment on his claims for: (1) violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA)[1]; (2) fraud; (3) negligent misrepresentation; and (4) "successor liability [] for breach of contract and breach of warranty." We conclude the trial court did not err when it granted Panini's motion for summary judgment. The trial court's order granting Panini's motion for summary judgment is affirmed.

---

[1] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2011).

## I. FACTUAL AND PROCEDURAL CONTEXT

In 2008, Donruss Playoffs L.P. manufactured and sold a series of trading cards called "Celebrity Cuts." This included a card having a signature from John Wayne, a noted actor and cinema icon. Donruss guaranteed the John Wayne "autograph is an official autograph signed by John Wayne." In addition, according to Panini, "a respected third-party named Beckett Grading Services[], whose slogan is, 'The World's Most Trusted Source in Collecting,' independently verified the authenticity of the [John Wayne] [c]ard. The [c]ard is encased with the Beckett verification of authenticity." In 2009, Panini was incorporated and bought certain assets from Donruss pursuant to an asset purchase agreement. Panini displayed the John Wayne card on its website. In 2013, Moore purchased the John Wayne card from an unknown third party. The record does not show when or from whom that unknown third party purchased the John Wayne card. However, Moore alleges that he subsequently learned the signature on the John Wayne card was a "fake."

In 2015, Moore brought a lawsuit against Panini. In his first amended petition, Moore asserted claims alleging: (1) breach of contract and breach of warranty, under the theories that Panini was liable (a) for Donruss's breach because it was the successor in interest and (b) as a result of Panini's representations; (2) fraud; (3) constructive fraud; (4) negligent misrepresentation; and (5) violations of the DTPA. Panini filed a general denial and asserted several affirmative defenses.

Panini filed a motion for summary judgment. It sought traditional summary judgment on Moore's claims of breach of contract, breach of warranty, "successor-in-interest claim" because "no relationship was created in which any liability for Donruss'[s] products or guarantees may be imposed upon Panini," and constructive fraud. Also, it sought traditional and no-evidence summary judgment on Moore's claims for fraud, negligent misrepresentation, and violations of

the DTPA. Moore responded and filed a cross-motion arguing he was "entitled to a partial summary judgment that Panini specifically assumed Donruss['s] obligations on the John Wayne [c]ard by virtue of the Trademark and Contract Assignment and Assumption agreements; or created its own obligations by posting [Moore's] John Wayne card on its website." The trial court granted Panini's motion for summary judgment and denied Moore's cross-motion for partial summary judgment.

## II. SUMMARY JUDGMENT

In issues one through four, Moore argues the trial court erred when it granted summary judgment on his claims for: (1) violations of the DTPA; (2) fraud; (3) negligent misrepresentation; and (4) successor liability for breach of contract and breach of warranty.

### A. Motion is in Substance Both a Motion for Traditional and No-Evidence Summary Judgment

As a preliminary matter, Panini's "motion for summary judgment" set out the standard for obtaining a traditional summary judgment, but in substance, it also argued there was no evidence to support some of Moore's claims against it. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied). In a footnote in both his response to Panini's motion for summary judgment and his brief on appeal, Moore argues that he retained and designated an expert witness to establish lack of authenticity. However, he claims that he tendered no evidence since Panini's motion for summary judgment "is not a 'No Evidence' motion for summary judgment." We must determine whether Panini's motion for summary judgment is in substance a traditional motion for summary judgment, a no-evidence motion for summary judgment, or both. *See Tex. Integrated*, 300 S.W.3d at 375; *Rodgers v. Weatherspoon*, 141 S.W.3d 342, 344 (Tex. App.—Dallas 2004, no pet.).

A court should determine the standard of proof on the summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title. *See Tex. Integrated*, 300 S.W.3d at 375; *Rodgers*, 141 S.W.3d at 344. Summary judgment is proper under a traditional motion when the movant establishes there is no genuine issue of material fact and is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Tex. Integrated*, 300 S.W.3d at 375; Rodgers, 141 S.W.3d at 344. A no-evidence summary judgment is proper if the nonmovant fails to bring forward more than a scintilla of probative evidence that raises a genuine issue of material fact as to an essential element of the plaintiff's cause of action for which the defendant contends no evidence exists. *See* TEX. R. CIV. P. 166a(i); *Tex. Integrated*, 300 S.W.3d at 375.

In Panini's motion for summary judgment, it argued, in part, "there [wa]s no evidence" to support specific elements of Moore's claims for fraud, negligent misrepresentation, and violations of the DTPA. *See Tex. Integrated*, 300 S.W.3d at 375. Specifically, as to Moore's fraud claim, Panini argued, in part:

> Moreover, there is no evidence showing: (1) that a material representation was by Panini; (2) that the representation was false; (3) that, when the representation was made, Panini knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that Panini made the representation with the intent that [Moore] should act upon it; (5) that [Moore] acted in reliance on the representation; and (6) that [Moore] thereby suffered injury. [] Panini had no interaction with [Moore] regarding the [John Wayne card] and made no representations to [Moore] regarding the [John Wayne card].

As to Moore's negligent misrepresentation claim, Panini argued, in part, "Similarly, there is no evidence that [Moore] detrimentally relied on any representations made by Panini. Finally, there is no evidence that [Moore] suffered any damages, much less any damages that were the result of any actions taken by Panini." Further, as to Moore's claim alleging violations of the DTPA, Panini argued, in part, "[t]he summary judgment record contains no evidence of reliance, this is yet another independent basis for granting summary judgment as to [Moore's] DTPA claims"

–4–

and when discussing unconscionable conduct, "For the same reasons that support the conclusion that [Moore']s claims for fraud and negligent misrepresentation fail, there is no . . . evidence whatsoever that Panini took advantage of [Moore]."

We conclude that Panini's "motion for summary judgment" was, in part, a motion for no-evidence summary judgment. Accordingly, we will review the motion under the standards that apply to both traditional and no-evidence summary judgments as to Moore's claims for fraud, negligent misrepresentation, and violations of the DTPA. *See Tex. Integrated*, 300 S.W.3d at 375.

### B. Standard of Review

An appellate court reviews the grant of summary judgment de novo. *See Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). When reviewing both traditional and no-evidence summary judgments, an appellate court considers the evidence in the light most favorable to the nonmovant. *See Smith v O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When a party has moved for summary judgment on both traditional and no-evidence grounds, an appellate court typically first reviews the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166(a)(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If a trial court's order does not specify the grounds for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (2003); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (1970); *Fitness Evolution L.P. v. Headhunter Fitness L.L.C.*, No. 05-13-00506-CV, 2015 WL 6750047, at \*22 (Tex. App.—Dallas Nov. 4, 2015, no pet.); *Tex. Integrated*, 300 S.W.3d at 365.

### B. DTPA Claim

In issue one, Moore argues the trial court erred when it granted traditional summary judgment on his claim for violations of the DTPA. Moore contends that Panini's conduct was "inextricably intertwined" and "in connection with" his consumer transaction. Panini responds that the undisputed facts show the John Wayne card was manufactured by Donruss, which sold it to an unknown third party that subsequently sold the card to Moore. As a result, Panini claims it had no connection with the transactions between Donruss, the undisclosed third party, and Moore. Also, Panini argues that "the summary judgment record is devoid of any facts or evidence that Panini . . . engaged in any false, misleading, or deceptive acts or practices."

### 1. Applicable Law

Generally, to prevail on a DTPA claim, a plaintiff must establish that: (1) he is a consumer; (2) the defendant engaged in false, misleading, deceptive, or unconscionable acts upon which the plaintiff relied to his detriment; and (3) those acts were a producing cause of the plaintiff's damages. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2011); *Brand v. Chase Bank USA, N.A.*, No. 05-15-00066-CV, 2016 WL 3574066, at *3 (Tex. App.—Dallas July 1, 2016, no pet.) (mem. op.). The DTPA requires the consumer to show that the defendant's deceptive conduct was a producing cause of the consumer's injury. TEX. BUS. & COM. CODE ANN. § 17.50(a)(1); *McLeod v. Gyr*, 439 S.W.3d 639, 649 (Tex. App.—Dallas 2014, pet. denied). "Producing cause" means "a substantial factor which brings about the injury and without which the injury would not have occurred." *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 481 (Tex. 1995); *McLeod*, 439 S.W.3d at 649. This requires evidence that the consumer was adversely affected by the defendant's deceptive conduct. *See Doe*, 907 S.W.2d at 481; *McLeod*, 439 S.W.3d at 649. A defendant's deceptive conduct is not actionable under the DTPA unless it was committed in connection with the plaintiff's consumer transaction.

*See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649–50 (Tex. 1996). The in-connection-with requirement imposes a limitation on liability that is consistent with the underlying purposes of the DTPA. *See Amstadt*, 919 S.W.2d at 649–50.

### 2. Application of the Law to the Facts

First, in its motion for summary judgment, Panini argued "the summary judgment record contains no evidence of [detrimental] reliance, this is yet another independent basis for granting summary judgment as to [Moore's] DTPA claims." Also, Panini argued "[f]or the same reasons that support the conclusion that [Moore']s claims for fraud and negligent misrepresentation fail, there is no . . . evidence whatsoever that Panini took advantage of [Moore]." On appeal, Moore was required to challenge both the traditional and no-evidence grounds on which summary judgment could have been granted. *See Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.). However, Moore does not challenge the granting of no-evidence summary judgment on his claim for violations of the DTPA.

Second, in its motion for summary judgment, Panini sought traditional summary judgment on Moore's DTPA claim arguing that, as a matter of law: (1) Moore was not a consumer under the DTPA; (2) Panini was not involved in the purchase of the John Wayne card; (3) Panini did not make any representations to Moore; (4) Moore did not plead and cannot prove detrimental reliance on the alleged misrepresentation; and (5) Panini did not engage in any unconscionable conduct. On appeal, Moore argues only that the trial court erred when it granted summary judgment on his DTPA claim because Panini's conduct was "inextricably intertwined" and "in connection with" his consumer transaction, which address the element requiring that Panini's acts were a producing cause of Moore's damages. As a result, on appeal, Moore does not challenge all of the possible grounds for supporting traditional summary judgment. *See*

*Provident Life*, 128 S.W.3d at 216; *Malooly*, 461 S.W.2d at 121; *Fitness Evolution*, 2015 WL 6750047, at \*22; *Tex. Integrated*, 300 S.W.3d at 365.

Because Moore does not challenge the no-evidence summary judgment or all of the possible grounds for supporting traditional summary judgment, we must affirm the trial court's summary judgment on Moore's claims alleging violations of the DTPA. Issue one is decided against Moore.

### *C. Fraud Claim*

In issue two, Moore argues the trial court erred when it granted traditional summary judgment on his claim for fraud. Moore contends that "Panini made a barrage of representations to Moore that were false if Panini did not intend to honor the guarantee of authenticity of the John Wayne [c]ard." He claims that there was an issue of material fact precluding summary judgment on his fraud claim because Panini displayed the John Wayne card on its website, offered redemptions for Donruss cards manufactured prior to its purchase of Donruss, and represented to the public "its sponsorship of the Panini [sic] product line." Panini responds that Moore's fraud claim has no merit, as a matter of law, because the summary judgment evidence conclusively established that Panini and Moore did not interact with one another, and Panini did not make any representations to Moore relating to the John Wayne card.

In its motion for summary judgment, Panini argued, in part:

Moreover, there is no evidence showing: (1) that a material representation was by Panini; (2) that the representation was false; (3) that, when the representation was made, Panini knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that Panini made the representation with the intent that [Moore] should act upon it; (5) that [Moore] acted in reliance on the representation; and (6) that [Moore] thereby suffered injury. [] Panini had no interaction with [Moore] regarding the [John Wayne card] and made no representations to [Moore] regarding the [John Wayne card].

On appeal, Moore was required to challenge both the traditional and no-evidence grounds on which summary judgment could have been granted. *See Leffler*, 290 S.W.3d at 386. However,

Moore does not challenge the granting of no-evidence summary judgment on his fraud claim. We acknowledge that on appeal Moore does argue that he "introduced sufficient evidence to support his fraud claim against Panini. Panini made a barrage of representations to Moore that were false if Panini did not intend to honor the guarantee of authenticity of the John Wayne [c]ard." Even if this were to be construed as a challenge to the no-evidence summary judgment on his fraud claim, Moore does not describe that evidence in his brief on appeal or cite to the record in support of this argument. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record).

Because Moore does not challenge the no-evidence summary judgment, we must affirm the trial court's summary judgment on Moore's fraud claim. *See Leffler*, 290 S.W.3d at 386. Issue two is decided against Moore.

### D. Negligent Misrepresentation

In issue three, Moore argues the trial court erred when it granted traditional summary judgment on his claim for negligent misrepresentation. Specifically, Moore argues:

> Panini obviously sought some business advantage in posting the John Wayne [c]ard on its website, and told anyone who would listen that Panini would stand behind its product the Donruss product line. Panini's representations were false. Panini should have clearly informed consumers if it did not intend to stand behind a particular pre-2009 Donruss product. Otherwise, consumers such as [Moore] could reasonably conclude that Panini would stand behind the product. Panini failed to exercise reasonable care or competence in communicating information to [Moore] and thereby caused him pecuniary loss.

Panini responds that:

> The summary judgment record is devoid of any facts or evidence that Panini made false representations to Moore . . . . Rather, as with his other claims, Moore failed to assert any factual support for his allegations that Panini made a representation to him. Panini did not communicate or have any interaction with Moore regarding the [John Wayne] [c]ard. Similarly, Moore was unable to present an[y] evidence that he detrimentally relied on any representations made by Panini or suffered any damages that were the result of any actions taken by Panini.

In its motion for summary judgment, Panini argued, in part, "Similarly, there is no evidence that [Moore] detrimentally relied on any representations made by Panini. Finally, there is no evidence that [Moore] suffered any damages, much less any damages that were the result of any actions taken by Panini." On appeal, Moore was required to challenge both the traditional and no-evidence grounds on which summary judgment could have been granted. *See Leffler*, 290 S.W.3d at 386. However, Moore does not challenge the granting of no-evidence summary judgment on his fraud claim.

Because Moore does not challenge the no-evidence summary judgment, we must affirm the trial court's summary judgment on Moore's negligent misrepresentation claim. Issue three is decided against Moore.

### E. Breach of Contract and Breach of Warranty

In issue four, Moore argues the trial court erred when it granted traditional summary judgment on his "successor liability claims for breach of contract and breach of warranty." He contends that his "claim[s] for breach of contract and breach of express warranty are based on the premise that Panini expressly assumed liability for honoring [Moore's] John Wayne [c]ard in the [a]sset [p]urchase [a]greement." In the alternative, Moore argues the asset purchase agreement is ambiguous and a fact issue exists as to whether Panini expressly assumed liability for Moore's John Wayne card. Panini responds that the summary judgment evidence shows that it did not expressly assume liability for the John Wayne card or for any warranty made by Donruss as to the authenticity of the signature on the John Wayne card.

### 1. Applicable Law

Texas strongly embraces a non-liability rule for corporate successors. *See E-Quest Mgmt., L.L.C. v. Shaw*, 433 S.W.3d 18, 23–24 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 139 (Tex. App.—Houston [1st Dist.]

–10–

2000, pet. denied). Texas law authorizes a successor to acquire the assets of a corporation without incurring any of the grantor corporation's liabilities, unless the successor expressly assumes those liabilities. *See* TEX. BUS. ORGS. CODE ANN. § 10.254 (West 2012) (formerly Tex. Bus. Corp. Act Ann. art. 5.10(B)); *E-Quest*, 433 S.W.3d at 24; *Lockheed*, 16 S.W.3d at 139. As a result, in Texas, there is no successor in interest when an acquiring corporation does not expressly agree to assume the liabilities of the other party to an agreement. *See E-Quest*, 433 S.W.3d at 24.

Successor liability is a form of vicarious liability that the plaintiff must plead if it seeks to hold a corporate successor liable for the acts of the original corporation. *See Owners Ass'n of Pecan Square, Inc. v. Capri Lighting, Inc.*, No. 05-91-01378-CV, 1992 WL 186261, at *4 (Tex. App.—Dallas 1992, July 31, 1992, no writ) (not designated for publication). Vicarious liability is not an independent cause of action. *See Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.— Dallas 2004, no pet.); *see also Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 833 (Tex. App.—Dallas 2011, no pet.) (for right of indemnity based on vicarious liability to exist, injured party must have cause of action against indemnitor, i.e., the one whose action caused indemnitee to be vicariously liable). Vicarious liability is liability placed on one party for the conduct of another, based solely on the relationship between the two. *See Affordable Power*, 347 S.W.3d at 833; *Crooks*, 138 S.W.3d at 637–38. For this doctrine to be applicable, the alleged wrong-doer must, in fact, be liable for damages. *See Crooks*, 138 S.W.3d at 638; *see also Affordable Power*, 347 S.W.3d at 833 (no right of indemnity against defendant who is not liable to plaintiff). In other words, if the alleged wrong-doer is not liable as a matter of law, then determination of vicarious liability issues are never reached. *See Crooks*, 138 S.W.3d at 638; *see also Affordable Power*, 347 S.W.3d at 833. When the underlying cause of action is not

–11–

addressed in a motion for summary judgment, vicarious liability should not be disposed of by summary judgment. *See Crooks*, 138 S.W.3d at 638.

## 2. Application of the Law to the Facts

In his first amended petition, Moore alleged causes of actions for Donruss's breach of contract and breach of warranty, claiming Panini was liable because it was Donruss's successor in interest and as a result of its own representations. Panini sought traditional summary judgment on Moore's causes of action for breach of contract and breach of warranty as well as his theory that Donruss's liability should be imposed on Panini because Panini is Donruss's successor in interest. On appeal, Moore does not challenge the portion of the trial court's order granting traditional summary judgment on his claims for breach of contract and breach of warranty. *See Crooks*, 138 S.W.3d at 638 (if alleged wrong-doer not liable as a matter of law, then determination of vicarious liability issue never reached). As a result, Moore does not challenge all of the possible grounds for supporting traditional summary judgment. *See Provident Life*, 128 S.W.3d at 216; *Malooly*, 461 S.W.2d at 121; *Fitness Evolution*, 2015 WL 6750047, at \*22; *Tex. Integrated*, 300 S.W.3d at 365.

Because Moore does not challenge all of the possible grounds for supporting traditional summary judgment, we must affirm the trial court's summary judgment on Moore's theory that Donruss's liability for breach of contract and breach of warranty should be imposed on Panini because it is the successor in interest. Issue four is decided against Moore.

## III. CONCLUSION

The trial court did not err when it granted Panini's motion for summary judgment on Moore's claims for violations of the DTPA, fraud, and negligent misrepresentation, and his theory that Panini should be held liable for Donruss's breach of contract and breach of warranty because it is the successor in interest.

The trial court's order granting Panini's motion for summary judgment is affirmed.


/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE


151555F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BILL MOORE, Appellant

No. 05-15-01555-CV     V.

PANINI AMERICA INC., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-15-03079-D.
Opinion delivered by Justice Lang. Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PANINI AMERICA INC. recover its costs of this appeal from appellant BILL MOORE.

Judgment entered this 7th day of November, 2016.