

# NUMBER 13-24-00448-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JEAN BOWMAN,                                                      Appellant,

v.

RAWHIDE WELDING
SERVICE, LLC,                                                     Appellee.

## ON APPEAL FROM THE 135TH DISTRICT COURT
## OF GOLIAD COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

In this premises liability suit, appellant Jean Bowman argues the trial court erred in granting summary judgment in favor of appellee Rawhide Welding Service, LLC. We affirm.

## I.     BACKGROUND

Eugene Kotzur was the founder, owner, and operator of Rawhide Welding Service, LLC (Rawhide). In 2013, Rawhide purchased a chuckwagon and fly (a canvas cover over the top of the chuckwagon and surrounding area around the chuckwagon). Kotzur used this chuckwagon and fly at many cookoff events from the years 2014 to 2019.

In May 2021, Kotzur entered the American Chuck Wagon Association (ACWA) cookoff competition in Abilene, and Bowman attended this event with him as she had done at least four times previously.[1] On May 6, 2021, Kotzur and others set up the chuckwagon and fly at their designated spot on the fairground. The chuckwagon was setup to resemble chuckwagons in the 1800s. The next day, the attendees, including Bowman, wore 1800's attire for the competition. Kotzur left the area to attend to other matters. While he was gone, a strong wind dislodged the center pole in the chuckwagon that was holding up the fly. The center pole struck Bowman in the head. She was admitted to the hospital and suffered a traumatic brain injury as a result.

Bowman filed suit against Kotzur individually as well as Rawhide and sought causes of action for premises liability, negligent entrustment, negligent undertaking, negligence, and vicarious liability. Rawhide moved for summary judgment on no-evidence and traditional grounds. Rawhide asserted there was no evidence of the elements in Bowman's negligence, premises liability, negligent undertaking, negligent entrustment, and vicarious liability causes of action. Specifically, Rawhide explained that it did not owe Bowman a duty beyond what it would any other member of the public; Rawhide did not own the land on which the competition took place; there is no evidence that Bowman is

---

[1] Kotzer had attended different chuckwagon competition events annually since 2008.

associated with Rawhide; Rawhide did not sponsor or endorse Kotzur's participation in the event; Rawhide did not set up the chuckwagon; Kotzur participated in the event in his individual capacity; and there was no evidence that Rawhide knew or should have known that the chuckwagon was unsuitable. Bowman responded asserting that she established an agency/principal relationship between Rawhide and Kotzur and therefore Rawhide was liable to her for her injuries.

Following a hearing, the trial court granted Rawhide's motion for summary judgment and dismissed Bowman's claims against Rawhide. Bowman then dismissed her claims with prejudice against Kotzur individually. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Salazar v. Ramos*, 361 S.W.3d 739, 745 (Tex. App.—El Paso 2012, pet. denied). "When a summary judgment does not state or specify the grounds upon which it relies, we may affirm the judgment if any of the grounds presented in the summary-judgment motion are meritorious." *Id.* When a party files a hybrid summary judgment motion on both traditional and no-evidence grounds, we first review the trial court's judgment under the no-evidence standard of review. *Id.* If the nonmovant failed to produce more than a scintilla of evidence under the standards of Rule 166a(i), there is no need to analyze whether the movant's summary judgment proof satisfied the less stringent burden set forth for traditional summary judgment under Rule 166a(c). *Salazar*, 361 S.W.3d at 745; TEX. R. CIV. P. 166a.

In conducting a no-evidence summary judgment review, we view the evidence presented by the motion and the response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if

3

reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Salazar*, 361 S.W.3d at 746. A genuine issue of material fact exists when more than a scintilla of evidence of the challenged element is produced. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would allow reasonable, fair-minded people to differ in their conclusions. *Id.* However, less than a scintilla of evidence exists when the evidence is so weak it does no more than create a suspicion of a fact. *Id.* A trial court must grant a no-evidence motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact regarding each challenged element. *Id.*

### III. AGENCY

In the trial court, Rawhide argued there was no evidence that Rawhide and Kotzur had an agency relationship. Bowman responded that "Kotzur was indisputably Rawhide's principal and agent and so his knowledge is imputed to Rawhide."

### A. Applicable Law

"The question of whether a principal-agent relationship exists under established facts is a question of law for the court." *First Nat'l. Acceptance Co. v. Bishop*, 187 S.W.3d 710, 714 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). "An agent is one who consents to the control of another, the principal, where the principal manifests consent that the agent shall act for the principal." *Id.*; *Crooks v. M1 Real Est. Partners, Ltd.*, 238 S.W.3d 474, 483 (Tex. App.—Dallas 2007, pet. denied) ("An agent is a person who is authorized by another to transact business or manage some affair by that person's authority and on account of it."). "An agency relationship is created when the principal: (1) intentionally confers authority on the agent; (2) intentionally allows an agent to believe

4

it has authority; or (3) allows an agent to believe it has authority to act by lack of due care." *Crooks*, 238 S.W.3d at 483. Authority to act on the principal's behalf and control are the two essential elements of agency. *See Suzlon Energy Ltd. v. Trinity Structural Towers, Inc.*, 436 S.W.3d 835, 841 (Tex. App.—Dallas 2014, no pet.); *Reliant Energy Servs. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 783 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An agent's authority to act on behalf of a principal depends on some communication by the principal to the agent (actual or express authority). *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Agency is not presumed; a party alleging the existence of an agency relationship bears the burden of proving it. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 589 (Tex. 2017).

## B.    Discussion

Bowman bore the burden of demonstrating that a principal-agent relationship existed. *See id.* Bowman attached checks demonstrating that Rawhide paid for Kotzur's entry fee at this event and other similar events and therefore, according to Bowman, there is a "master/servant relationship with Kotzur." However, Bowman's evidence established that Kotzur quit managing Rawhide in 2019 due to health issues and transferred management of Rawhide to his daughter in 2020 following his medical diagnosis. Bowman's evidence further provided that Kotzer had already "retired" from Rawhide in 2021 when ACWA took place. Tax records demonstrated that Kotzur's daughter served as Rawhide's member-manager in 2021. Thus, Bowman presented no evidence of Rawhide's communication to Kotzur to act on its behalf, that Kotzur was authorized to transact business on its behalf, or that Kotzur controlled its affairs. *See Fred Loya Ins. Agency, Inc. v. Cohen*, 446 S.W.3d 913, 920 (Tex. App.—El Paso 2014, pet. denied)

5

(providing that an essential element of the principal-agent relationship is the principal's right to control the actions of the agent, including the right to assign tasks and the right to dictate the means and details of the process by which an agent will accomplish the task). Furthermore, there was no evidence of Rawhide's involvement at the ACWA or that Rawhide had *any* role at the ACWA. *See United Residential Properties, L.P., v. Theis*, 378 S.W.3d 552, 564 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Actual authority is created through written or spoken words or conduct of the principal communicated to the agent.") (citing *Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 549–50 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). The bare assertion of agency made solely by the party claiming the relationship is not sufficient to defeat a motion for summary judgment. Accordingly, we conclude the trial court did not err in granting Rawhide's summary judgment.[2] *See Exxon*, 520 S.W.3d at 589 ("Authority to act on the principal's behalf and control are the two essential elements of agency."). We overrule Bowman's sole issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
19th day of March, 2026.

---

[2] Bowman's other causes of action were contingent on a principal-agency relationship. As we have found no evidence raising a fact issue on the issue of agency, Bowman's remaining causes of action fail. *See United*, 378 S.W.3d at 563–64 (requiring an agency relationship for vicarious liability); *Exxon*, 520 S.W.3d at 590 ("Without an agency relationship, Rincones cannot establish two key elements of his negligence claim: existence of a duty and breach of that duty."); *4Front Engineered Sols. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016) (requiring negligence to establish negligent entrustment); *Lippert Components, Inc. v. Williams*, No. 01-22-00501-CV, 2025 WL 1256624, at *10 (Tex. App.—Houston [1st Dist.] May 1, 2025, no pet.) (mem. op.) (requiring negligence to establish negligent undertaking).

6