Cheryl E. ZALESAK, Individually and as Independent Executor of the Estate of Lynn E. ZALESAK, Appellant.

v.

Sarah TAYLOR, M.D., Kelsey–Seybold Clinic, P.A., and James Albert Wolf, Jr., M.D., Appellees.

No. 01–94–00556–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1994.

Rehearing Overruled Dec. 1, 1994.

Kevin Dubose, Tom Pettiette, Houston, for appellant.

John B. Wallace, Charles W. Lyman, L. Boyd Smith, Jr., Deborah E. Lewis, Houston, for appellees.

Before COHEN, WILSON and HEDGES, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a summary judgment for defendants in a medical malpractice case. We reverse the judgments for Dr. Taylor and Kelsey–Seybold and remand those causes. We affirm the judgment in favor of Dr. Wolf.

On September 11, 1990, Lynn Zalesak visited the Kelsey–Seybold Clinic office of Dr. Sarah Taylor to determine the cause of rectal bleeding. Dr. Taylor performed a digital rectal examination and ordered a barium enema. No cancer was diagnosed in September; however, in January of 1991, Zalesak was seen by Dr. James Albert Wolf, Jr., who diagnosed rectal cancer. Zalesak died of cancer on April 15, 1992, and Cheryl E. Zalesak was substituted as plaintiff.

■ We will affirm a summary judgment only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). All reasonable inferences are drawn in favor of the non-movant, and all evidence favorable to the non-movant is taken as true. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 549 (Tex.1985).

In her first point of error, appellant contends that appellees failed to prove conclusively that their acts caused no damage and that she raised a fact issue about whether Mr. Zalesak had a 50% or better chance of survival when he visited Dr. Taylor in September 1990.

■ In trials of medical malpractice cases, the plaintiff must prove that there was *more* than a 50% chance the decedent would have lived, but for a doctor's acts or omissions. *Kramer v. Lewisville Memorial Hosp.,* 858 S.W.2d 397, 400 (Tex.1993). The plaintiff does not have to prove that to avoid a summary judgment. Rather, in order to obtain a summary judgment, the defendant must prove conclusively that there was a 50% or lower chance of survival. *Id.* We conclude that Taylor did not conclusively prove that Mr. Zalesak had a 50% or lower chance of survival September 1990.

■ Appellees relied exclusively on the testimony of appellant's expert, Dr. Leggett, to prove that in September 1990, Mr. Zalesak had a chance of survival 50% or less. Dr. Leggett's testimony did not prove that.

Summary judgment evidence showed that rectal cancers are divided into four categories, which are labeled A, B, C, and D. Level A rectal cancer has a survival rate of 80 to 100%; level B is 60 to 80%; level C is 40 to 60%; and level D is less than 40% survival rate. Expert testimony showed that such tumors begin as small growths that become progressively larger and more dangerous over time. Thus, if a rectal cancer is caught at a earlier stage, the patient has a much greater chance of survival.

Dr. Leggett testified that he could not give an opinion about Mr. Zalesak's chance of survival in September 1990 without knowing if the cancer was level A, B, C, or D at that time. The only way he could know that with certainty, he testified, was if the tumor had been removed and examined. This evidence does not support a summary judgment because it does not prove that Mr. Zalesak's chance of survival was less than 50% at that time.

Dr. Leggett further testified that if, as in this case, the tumor was not detected by digital examination or by a barium enema, then it was probably small, in the range of .8 to 1.2 centimeters. He testified that level A tumors are typically in the range of 1 to 2 centimeters. He testified that if the digital examination and the barium enema were properly performed on Mr. Zalesak, as he assumed they were, and the tumor was too small to be detected by those tests, then it was probably a level A tumor, which had a survival rate much higher than 50%. This evidence does not establish that the chance of survival was less than 50%. It suggests the opposite. Although Dr. Leggett testified that even a small tumor could be classified as level C, that does not support a summary judgment because the survival chance for a person with a level C tumor is 40 to 60%, which is not 50% or lower. This is significant because the tumor removed from Mr. Zalesak in January of 1991 was classified as level C then, and Dr. Wolf, who removed the tumor, told Zalesak then that he had a "50–50" chance of survival. This was four months after Dr. Taylor's alleged negligence occurred, during which time the tumor presumably grew and became more dangerous. The reasonable inferences to be drawn from this fact support the plaintiff's theory of the case, not the defendants'.

We sustain point of error one.

■ In her second point of error, appellant complains the judge erred by striking parts of Dr. Leggett's affidavit. The portions struck stated:

Mr. Zalesak was seen by Dr. Sarah Taylor at Kelsey–Seybold Clinic in September of 1990, complaining of rectal bleeding and a flattening of the stool. According to Dr. Taylor, she properly performed a barium enema and a digital rectal examination, and neither diagnostic technique revealed the presence of a lesion on the rectum. In order for a lesion to be detectable on a digital examination, it must be at least 1.5 centimeters in size. In order for a lesion to show up on a barium enema, it must be at least 8 millimeters to 1.2 centimeters. Thus if a lesion could not be detected by digital examination or by barium enema, my opinion is that the lesion would have to be smaller than 1.2 centimeters at the time of these examinations, assuming that the examinations were properly performed.

. . . .

Assuming that Dr. Taylor properly performed the barium enema and digital rectal examination in September of 1990, and that those tests were negative, Mr. Zalesak's lesion would have been classified as a Duke's A, or Duke's B rectal tumor at that time, based on reasonable medical probability. If Mr. Zalesak's Duke's A or Duke's B tumor would have been diagnosed, and treatment initiated, in September of 1990, then his chance of survival with a Duke's A or Duke's B tumor would have been 60% or greater.

The affidavit stated that all facts and opinions in it were based on Dr. Leggett's personal knowledge and review of medical records in this case.

The motion to strike complained that the affidavit was based on hearsay and that it assumed facts not in evidence, i.e., that Dr. Taylor performed a barium enema when she testified she did not.

The first ground has no merit because an expert may rely on hearsay. TEX.R.CIV. EVID. 703. The second ground also has no merit. Dr. Taylor testified she ordered the performance of a barium enema. She never testified it was not performed. Asked the name of the technician who performed the test and whether she had seen the test report, she testified she did not know. Viewing this evidence most favorably to appellant, it suggests that the test was performed, not that it was not performed. The appellate record also contains other evidence, first pre-

**146**

sented on motion for reconsideration of the summary judgment, that shows a barium enema was performed. We conclude that the judge erred in striking paragraphs four and six.

We sustain point of error two.

Appellant has moved to dismiss the appeal of the judgment in favor of Dr. Wolf. We grant the motion.

The judgment in favor of Dr. Taylor and Kelsey–Seybold is reversed, and those causes are remanded. The appeal of the judgment in favor of Dr. Wolf is dismissed.

HEDGES, J., not participating.