

NUMBER 13-17-00038-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAW OFFICE OF SCOTT OGLE;
AND SCOTT OGLE, INDIVIDUALLY,                                    Appellants,

v.

IGLESIA DEL DIOS VIVO COLUNMA Y
APOYO DE LA VERDAD – AUSTIN 3RD STREET,             Appellees.

On appeal from the 98th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellants Law Office of Scott Ogle ("Ogle") and Scott Ogle ("Scott"), individually,

filed suit against Iglesia del Dios Vivo Columna y Apoyo de la Verdad-Austin 3rd Street

("LLDM-Austin"), amongst several others, alleging several tort offenses, including

attempted assault, defamation, and conspiracy to tortuously interfere with business relations.   By two issues, appellants argue that the trial court erred by granting LLDM-Austin's (1) motion to strike appellants' summary judgment evidence and (2) motion for summary judgment.   We reverse and remand.

## I.  BACKGROUND[1]

On August 8, 2016, appellants filed suit against LLDM-Austin and John Doe a/k/a SP Davide and Jocsana Alex Lee a/k/a Jane Doe.   On October 25, 2016, LLDM-Austin filed its answer to appellants' fourth amended petition; the next day, LLDM-Austin filed its motion for summary judgment.   On November 3, 2016, appellants filed their sixth amended petition.   On November 15, 2016, appellants filed their response to LLDM-Austin's motion for summary judgment.   Two days later, LLDM-Austin filed its motion to strike appellants' summary judgment evidence.   The trial court scheduled a hearing on LLDM-Austin's motion for summary judgment for 9:00 a.m. on November 21, 2016.   At 8:49 a.m. on November 21, 2016, appellants filed their seventh amended petition. Notably, the seventh petition added another defendant, La Iglesia del Dios Vivo Columna y Apoyo de la Verdad, La Luz Del Mundo, A.R. a/k/a LLDM ("LLDM, A.R."), which is a religious institution headquartered in Guadalajara, Mexico; appellee LLDM-Austin is a chapter of said parent entity LLDM, A.R.   The trial court granted LLDM-Austin's motion to strike appellants' summary judgment evidence; the trial court also granted LLDM-Austin's motion for summary judgment.   This appeal followed.

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

## II.   MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

In their first issue, appellants argue that the trial court erred in granting LLDM-Austin's motion to strike their summary judgment evidence.   More specifically, they argue that the trial court erred in striking exhibit A of their summary judgment evidence: Scott's affidavit.

### A.   Standard of Review and Applicable Law

The admission and exclusion of evidence is committed to the trial court's sound discretion.   *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995).   "The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles."   *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause, and probably did cause, the rendition of an improper judgment.   *See* TEX. R. APP. P. 44.1(a)(1); *Alvarado*, 897 S.W.2d at 753.

"A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law."   *Salazar v. Ramos*, 361 S.W.3d 739, 746 (Tex. App.—El Paso 2012, pet. denied).   We review the evidence in the light most favorable to the non-movant to determine if the non-movant raised a genuine issue of material fact.   *See id.*

Affidavits supporting and opposing a motion for summary judgment must set forth facts, not conclusions, that are based on personal knowledge. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984); *AMS Constr. Co. v. Warm Springs Rehab. Found., Inc.*, 94 S.W.3d 152, 157 (Tex. App.—Corpus Christi 2002, no pet.).   A

3

"conclusory" statement is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *See Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex. 2008) (citing Black's Law Dictionary 308 (8th ed. 2004)); *see also LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex. App.—Beaumont 2007, no pet.) ("Statements are conclusory if they fail to provide underlying facts to support their conclusions."). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *See Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam).

## B. Discussion

Scott's affidavit is two pages long. LLDM-Austin's motion to strike listed thirty-four objections to the affidavit. Almost every single objection was labeled as "Lack of Personal Knowledge" and "Speculation" by LLDM-Austin; a majority of the objections were also labeled as "Assumes Facts not in evidence," "Irrelevant," and "Conclusory." LLDM-Austin also raised "Best Evidence Rule" objections several times. In addition, LLDM-Austin argues that there is no indication that the "church" referred to in Scott's affidavit is referring to LLDM-Austin rather than LLDM, A.R.

Appellants' underlying claim revolves around the allegation that SP Davide and Jocsana Alexa Lee are agents, servants, and/or employees of LLDM, A.R., which acted and conspired with appellee LLDM-Austin in committing the tortious offenses against appellants. Scott swore that all the facts in his affidavit were within his personal knowledge, based on his six-year investigation of LLDM, A.R. and LLDM-Austin. In the affidavit, Scott sets forth allegations detailing the actions taken by SP Davide, Jocsana

4

Alexa Lee, LLDM, A.R., and LLDM-Austin to support his tort claims. The affidavit states that in 2011, members of the LLDM-Austin chapter collected all newspapers that advertised Ogle's law services. According to Scott, this was in response to his outspoken criticism of LLDM, A.R. and its alleged involvement with organized criminal activity, human trafficking, and sexual molestation. Scott averred that a member of the church informed him that LLDM-Austin paid its members for each copy of a newspaper featuring Ogle's advertisements that it brought to LLDM-Austin for destruction. Furthermore, Scott testified in the affidavit that both SP Davide and Jocsana Alexa Lee exhibit Facebook pages that reflect their affiliation with LLDM, A.R. According to the affidavit, SP Davide messaged Scott on Facebook in August of 2016, threatening to "put[] two bullets in my head," further telling Scott that "he is on his way" to kill him. SP Davide allegedly further harassed Scott by warning him that he would be dead if he said one more bad thing about the church. Jocsana Alexa Lee created a Facebook page entitled "Law Office of Scott Ugly," which allegedly contains a number of slanderous posts negatively portraying appellants.

Appellants' claims against LDDM-Austin are based on the allegation that both Jocsana and David were acting as agents, with apparent authority, of LDDM, A.R., which allegedly conspired with LLDM-Austin. Accordingly, we disagree that Scott's affidavit is irrelevant because his affidavit, in setting forth the background facts and organizational structure of LLDM, A.R., establishes the facts necessary for appellants' claims to succeed. We also do not find the affidavit to be speculative or based on a lack of personal knowledge. Scott's affidavit avoids speculation by focusing on things within his personal knowledge and things that happened to him personally. For example, Scott

5

testified about the negative Facebook page that Jocsana Alexa Lee created about him and Ogle, and about the death threats sent to him directly by SP Davide on Facebook.

We further disagree that the affidavit assumes facts; rather, Scott is attempting to provide the facts at issue. *See Salazar*, 361 S.W.3d at 746. For example, he claims that a church member told him about LLDM-Austin's involvement with destroying newspapers that advertised Ogle's law services. Scott does not assume this occurred; he is merely averring that a church member told him this. *See Zalesak v. Taylor*, 888 S.W.2d 143, 145 (Tex. App.—Houston [1st Dist.] 1994, no writ).

Likewise, his affidavit is not conclusory because it is not drawing inferences from unstated facts. *See Padilla*, 497 S.W.3d at 86. Rather, Scott is providing background facts for his assertion that LLDM, A.R. conspired with LLDM-Austin. *See id.* These are the kinds of facts that LLDM-Austin would be able to controvert, meaning that they are not conclusory. *See Ryland Group*, 924 S.W.2d at 122.

LLDM-Austin's best evidence rule objections are unpersuasive because "[t]he best evidence rule requires the original writing only when the evidence is to prove the contents of the original writing." *Harris v. Varo, Inc.*, 814 S.W.2d 520, 523 (Tex. App.—Dallas 1991, no writ). However, the mere existence of evidence can be proved by testimony alone. *See id.*

Lastly, Scott clearly references "LLDM-Austin" in the affidavit so we disagree with LLDM-Austin's argument that the affidavit does not clearly implicate LLDM-Austin.

We conclude that LLDM-Austin's objections failed to support the trial court's decision to strike the affidavit, which probably caused the rendition of an improper judgment. *See Alvarado*, 897 S.W.2d at 753. Therefore, the trial court abused its

6

discretion in granting LLDM-Austin's motion to strike. *See Alvarado*, 897 S.W.2d at 753. We sustain appellants' first issue.

### III. SUMMARY JUDGMENT

In their second issue, appellants argue that the trial court erred by granting LLDM-Austin's motion for summary judgment.

### a. **Standard of Review and Applicable Law**

We review a traditional summary judgment *de novo*. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a traditional motion for summary judgment, the movant has the burden to show both that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). All evidence favorable to the nonmovant must be taken as true, and all reasonable doubts must be resolved in favor of the nonmovant. *See Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998).

Usually, a party should file an amended pleading as soon as it becomes aware it is necessary, but no later than seven days before the hearing. *See* TEX. R. CIV. P. 63; *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995). However, when the record contains no evidence that the court specifically denied leave to file and when the opposing party does not show that the amended pleading causes surprise or prejudice, then it is presumed that party had leave of court to file the amended pleading and it is further presumed that the trial court considered the amended pleading. *See Goswami v. Metropolitan S & L Ass'n*, 751 S.W.2d 487, 490 (Tex. 1998).

The essential elements of a civil conspiracy are (1) two or more persons; (2) an

7

object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *See Anderton v. Cawley*, 378 S.W.3d 38, 60 (Tex. App.—Dallas 2012, no pet.). The object to be accomplished must be either an unlawful purpose or a lawful purpose to be achieved by unlawful means. *See Id.* A defendant's liability for conspiracy depends on "participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *See Cotton v. Weatherford Bancshares*, 187 S.W.3d 687, 701 (Tex. App.—Fort Worth 2006, pet. denied).

b. **Discussion**

LLDM-Austin argues that the trial court did not err by granting summary judgment because appellants' live petition, the sixth amended petition, doesn't name LLDM, A.R. as a party, and thus it does not properly connect LLDM-Austin to the case through conspiracy. However, appellants' seventh amended petition does name LLDM, A.R. as a party; appellants contend that their seventh amended petition is their live petition. Even though appellants filed their seventh amended petition less than ten minutes before the hearing on summary judgment, the record does not indicate that the trial court denied leave to file an amended pleading; furthermore, LLDM-Austin makes no showing of prejudice or surprise from Ogle's seventh amended petition. Therefore, we presume that the seventh amended petition was Ogle's live petition before the trial court and that the trial court considered it. *See Goswami*, 751 S.W.2d at 490.

In the first issue above, we decided that it was an abuse of discretion for the trial court to strike Scott's affidavit. The competent summary judgment evidence provided by Scott's affidavit, viewed in the light most favorable to the non-movant, presented genuine

8

issues of material fact on each element of Ogle's claim that LLDM-Austin conspired with LLDM, A.R., SP Davide, and Jocsana Alexa Lee to commit tortious interferences with business relations against appellants. *See Provident Life*, 128 S.W.3d at 216; *see also Anderton*, 378 S.W.3d at 60; *Salazar*, 361 S.W.3d at 746. The trial court erred by granting LLDM-Austin's motion for summary judgment. *See Provident Life*, 128 S.W.3d at 216. We sustain appellants' second issue.

## IV. CONCLUSION

We reverse the trial court's order granting summary judgment and remand to the trial court for further proceedings in accordance with this opinion.

NORA LONGORIA,
Justice

Delivered and filed the
5th day of July, 2018.